**William Clifton LEWIS, Plaintiff,**

v.

**James MEYER, Defendant.**

**Civ. A. No. 84–C–908.**

United States District Court, E.D. Wisconsin.

March 15, 1986.

REYNOLDS, Chief Judge.

Plaintiff William Clifton Lewis filed an action under 42 U.S.C. § 1983 claiming that defendant James Meyer, his social worker at the Dodge Correctional Institution, prevented him from being considered for the position of law library clerk because of his race and because he filed law suits in federal court. On January 3, 1985, plaintiff moved for summary judgment, and the defendant cross-moved for summary judgment on January 16, 1985.

On September 13, 1985, this Court continued this action for ninety days, pursuant to 42 U.S.C. § 1997e, to allow plaintiff to exhaust his administrative remedies in part because the Court wanted the benefit of the administrative expertise of the State of Wisconsin's Division of Corrections in interpreting the Wisconsin Administrative Code, § HSS 302.18(3)(b). Although the plaintiff pursued his administrative remedies far enough to clarify the record as to the Division of Correction's interpretation of § HSS 302.18(3)(b), plaintiff has failed to exhaust these remedies.

However, because the Court had not previously determined, pursuant to 42 U.S.C. § 1997e(a)(2), that the State's administrative remedies comply with the minimum acceptable standards promulgated under 42 U.S.C. § 1997e(b)(2), it would not be fair to plaintiff to dismiss his claim at this time for his failure to exhaust those remedies. The plaintiff may have one more opportunity, therefore, to exhaust his administrative remedies, which the Court today finds comply with the minimum standards promulgated by the United States Attorney General.

This Court may require plaintiff to exhaust his administrative remedies if it determines that such administrative remedies are in substantial compliance with the Attorney General's minimum acceptable standards. 42 U.S.C. § 1997e(a)(2). As shown below, Wisconsin's complaint procedures in adult correctional institutions are in substantial compliance with the minimum standards promulgated under 42 U.S.C. § 1997e(b)(2).

Title 42 U.S.C. § 1997e(b)(2)(B) requires specific maximum time limits for written replies to grievances with reasons thereto at each decision level within the system. As indicated throughout ¶ HSS 310, specific time limits for responding to an inmate's complaint or to an inmate's appeal of a decision are required. The inmate complaint investigator shall forward a report and recommendation on an inmate complaint to the superintendent within ten working days. Wis.Admin.Code, § HSS 310.07(3). Within five working days of receipt of the investigator's report, the superintendent shall render a written decision. Wis.Admin.Code, § HSS 310.08(1). Further, the corrections complaint examiner, within five working days, shall review and acknowledge receipt of an appeal. Wis.Admin.Code, § HSS 310.09(4). The examiner shall recommend a decision to the administrator within twenty-two working days. Wis.Admin.Code, § HSS 310.09(10). The division administrator, upon review of the examiner's recommendation, shall make a decision within ten working days. Wis.Admin.Code, § HSS 310.10(1). Finally, an inmate may appeal the administrator's decision to the Secretary of Wisconsin's Department of Health and Social Services. Within fifteen working days of receipt of the filed complaint, the Secretary shall determine all issues raised in the appeal and shall set forth in writing the reasons for the decision. Wis.Admin.Code, § HSS 310.11(6).

Thus, as established above, Wisconsin's inmate complaint system substantially complies with 42 U.S.C. § 1997e(b)(2)(B)'s requirements of specific maximum time limits and written replies to grievances.

Title 42 U.S.C. § 1997e(b)(2)(C)'s requirement for priority processing of grievances which are of an emergency nature is satisfied by ¶ HSS 310. Complaints dealing with health or personal safety shall be given priority. Wis.Admin.Code, § HSS 310.07(2). Also, appeals dealing with health and personal safety shall be given priority attention. Wis.Admin.Code, § HSS 310.09(4).

Chapter HSS 310 satisfies 42 U.S.C. § 1997e(b)(2)(D)'s requirement that safeguards exist to avoid reprisals against any grievant. Complaints filed with the inmate complaint review system are kept confidential. Wis.Admin.Code, § HSS 310.13(1). The identity of complainants and the nature of the complaint are revealed only to the extent necessary for a thorough investigation and, if necessary, implementation of a remedy. *Id.* Chapter HSS 310 expressly states that no sanctions shall result from filing a complaint. Wis.Admin.Code, § HSS 310.13(6).

Title 42 U.S.C. § 1997e(b)(2)(D) & (E)'s requirements of an independent review of the disposition of grievances, including alleged reprisals, by a person not under the direct supervision of the institution is satisfied by the complaint procedure of ¶ HSS 310. As outlined above, an inmate may appeal a superintendent's decision on an inmate complaint to the corrections complaint examiner. Wis.Admin.Code, § HSS 310.09(1). A corrections complaint examiner is a person outside the division. Wis.Admin.Code, § HSS 310.02(1). Further, the corrections complaint examiner's recommendation shall be reviewed by the division administrator. Wis.Admin.Code, § HSS 310.10(1).

The Court notes that the above independent review procedure also applies to an inmate complaint alleging reprisal. Indeed, the scope of the complaint review system permits investigation into charges of reprisal against an inmate. Wis.Admin.Code, § HSS 310.04(2).

Finally, the requirement that inmates and employees participate in an advisory

role in the formulation, implementation and operation of the system, 42 U.S.C. § 1997e(b)(2)(A), is fulfilled by Wisconsin's inmate complaint review system. The inmate complaint review system permits inmates to raise questions regarding rules, living conditions, and staff actions affecting institution living. Wis.Admin.Code, § HSS 310.01(2)(a). Further, the complaint system exists to encourage communication between inmates and staff, develop an inmate's sense of involvement in the correctional process, and to explain correctional policy to both inmates and staff. Wis.Admin.Code, § HSS 310.01(2). Finally, the complaint system affords inmates and staff the opportunity to review correctional policy and to help reform such policy as the need arises. *Id.*

The Court finds, therefore, that Wisconsin provides administrative remedies for the inmates of its correctional institutions, which substantially comply with the requirements of 42 U.S.C. § 1997e(b)(2). In the interests of justice, the Court will once again continue this case and require plaintiff to exhaust his administrative remedies. I realize the plaintiff may not wish to deal with the administration of his institution any further regarding this case, but I ask him, nevertheless, to exhaust the procedures used there before he pursues his case further in this Court.

IT IS THEREFORE ORDERED that this case is continued for an additional ninety days during which the Court requires plaintiff William Clifton Lewis to exhaust his administrative remedies.