**Richard Steven MAULICK, Plaintiff,**

v.

**CENTRAL CLASSIFICATION BOARD, Dr. Louis B. Cei, Manager, Department of Corrections, Edward W. Murray, Director, Dan Mahon, Assistant Warden, Carolyn G. Funn, Classification, Robert Strunk, Psychologist, Richard Mayfield, Case Worker, Ms. Turnage, Case Worker, Defendants.**

Civ. A. No. 86–514–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 3, 1986.

Richard Steven Maulick, pro se.

## ORDER

DOUMAR, District Judge.

Plaintiff Richard Steven Maulick, a Virginia inmate, filed suit in this Court on July 16, 1986, alleging an abridgment of his constitutional rights in violation of 42 U.S.C. § 1983. On the same day, the United States Magistrate ordered plaintiff to exhaust his administrative remedies through the Virginia Department of Corrections Inmate Grievance Procedures, pursuant to 42 U.S.C. § 1997e. The magistrate granted the plaintiff ninety days in which to demonstrate to the Court his exhaustion of administrative remedies.

Plaintiff requested the Court to resume active consideration of his case, in a motion filed August 13, 1986, in which plaintiff stated that he had exhausted his administrative remedies with respect to four grievances: # 8600120, # 8601907, # 8600298 and # 8600531.[1]

█ The question raised by this case is whether the plaintiff may maintain a § 1983 suit where he has filed a grievance in an approved grievance system but did not pursue it to the highest appellate level available to him, either before filing his suit or after being granted ninety days to exhaust his institutional remedies. The Court holds that he may not.

This plaintiff is incarcerated at the Powhatan Correctional Center, which has a four-tiered grievance procedure. The inmate first submits his grievance, in writing, to a grievance counselor who investigates the facts and issues, meets with the inmate, and has fifteen days to respond. From there, the inmate may appeal to an inmate grievance committee (convened only for grievances challenging the general policy or practices of the institution) or, within five days of the grievance counselor's Level I response, to Level II, the Corrections Facility Director C, who must respond within eight days. If the inmate is dissatisfied with the Level II response, he has five calendar days to appeal it to Level III, the Regional Administrator, who must respond within twenty calendar days. Only grievances challenging general policies or procedures of the institution may be appealed to Level IV, the Deputy Director or Director, who has fifteen days to respond. Thus, for many inmate grievances, there are only three levels of appeal. In addition "[t]he total time allowed from initial submission to the final level of review shall not exceed 90 calendar days, unless the grievant agrees in writing to an extension for a fixed period." Institutional Operating Procedure # 846, Powhatan Correctional Center, February 25, 1986, p. 7.

It has come to the Court's attention that plaintiff's grievance # 8600120 was not appealed beyond Level I, and that grievances # 8600298 and # 8600531 were not appealed past Level II. Grievance # 8601907 was appealed to Levels III and IV. Each of the grievances had been submitted before this lawsuit was filed.[2] The continuance gave the plaintiff ample time to resubmit those grievances that he had not pursued to the highest possible level of appeal. Thus, it is this Court's finding that plaintiff has exhausted his administrative remedies only as to the claims raised by grievance # 8601907.

█ As a general rule, exhaustion of state administrative remedies is not required in actions brought pursuant to 42 U.S.C. § 1983. *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 500–01, 102 S.Ct. 2557, 2559–60, 73 L.Ed.2d 172

1. Each of plaintiff's grievances concerns "an unjustified override of his custody from B (medium) to C (maximum)." Complaint at 4. This opinion expresses no view as to whether custody classifications in the Virginia prisons may properly be challenged in an action pursuant to 42 U.S.C. § 1983.

2. Plaintiff's complaint was filed on July 16, 1986. The grievances on which his complaint was based were initially submitted on the following dates:

| #8600120 | January 1, 1986 |
| #8600298 | January 27, 1986 |
| #8600531 | February 4, 1986 |
| #8601907 | May 11, 1986 |

(U.S.1982) ("[W]e have on numerous occasions rejected the argument that a § 1983 action should be dismissed where the plaintiff has not exhausted state administrative remedies.") (citations omitted). However, Congress has provided that, in certain cases, exhaustion may be required before a § 1983 action may be pursued. *Daniels v. Williams,* 720 F.2d 792, 794 n. 1 (4th Cir. 1983) ("Exhaustion of state judicial or administrative remedies is not a prerequisite to section 1983 actions, ... *except for those cases falling under the narrow exhaustion scheme embodied in 42 U.S.C. § 1997."* (citations omitted, emphasis added).

■ Enacted in 1982, the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997–1997j, permits the court to require exhaustion of administrative remedies when an inmate brings suit alleging an infringement of his constitutional rights, in violation of 42 U.S.C. § 1983. The Act provides that:

> in any action brought pursuant to ... 42 U.S.C. 1983 by an adult convicted of a crime confined in any jail, prison or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.

42 U.S.C. § 1997e(a)(1). The court may not require an inmate to exhaust administrative remedies unless the Attorney General or the court has determined that such administrative remedies are in "substantial compliance" with the minimum acceptable standards set forth in the statute. 42 U.S.C. § 1997e(a)(2). These minimum standards provide:

> (A) for an advisory role for employees and inmates of any jail, prison, or other correctional institution (at the most decentralized level as is reasonably possible), in the forumlation [sic], implementation, and operation of the system;
>
> (B) specific maximum time limits for written replies to grievances with reasons thereto at each decision level within the system;
>
> (C) for priority processing of grievances which are of an emergency nature, including matters in which delay would subject the grievant to substantial risk of personal injury or other damages;
>
> (D) for safeguards to avoid reprisals against any grievant or participant in the resolution of a grievance; and
>
> (E) for independent review of the disposition of grievances, including alleged reprisals, by a person or other entity not under the direct supervision or direct control of the institution.

Virginia's inmate grievance procedures have been held to comply with the statute.[3]

---

**3.** A state seeking certification of its inmate grievance procedures by the Attorney General must demonstrate to the Bureau of Prisons (which administers the certification procedure) that its grievance procedure substantially complies with guidelines promulgated pursuant to § 1997e, and that the procedures have been in operation for at least one year. The procedures are conditionally certified for one year, during which time the existing procedures may be altered or amended, and a full certification is normally issued upon review after the expiration of the conditional certification period.

Information received from the Bureau of Prisons in Washington, D.C., indicates that the Attorney General has certified inmate grievance procedures in the District of Columbia and three states as being in "substantial compliance" with the guidelines: District of Columbia (conditionally certified in August, 1986); Iowa (conditional certification expired in June, 1986, full certification pending); Wyoming State Peniten-

tiary (fully certified in June, 1983) and Virginia (fully certified in April, 1984).

The statute also authorizes courts to determine whether state inmate grievance procedures are in substantial compliance with federal guidelines promulgated pursuant to § 1997e. 42 U.S.C. § 1997e(a)(2). Earlier this year, the United States District Court for the Eastern District of Wisconsin found that Wisconsin's inmate grievance procedures substantially complied with the requirements of § 1997e. *Lewis v. Meyer,* 630 F.Supp. 937 (E.D.Wisc.1986). The Third Circuit, in a prisoner civil rights suit brought pursuant to 42 U.S.C. § 1983, in which neither party had addressed the question of exhaustion, found that there was insufficient information in the record for the Court to determine whether Pennsylvania's inmate grievance procedures were in substantial compliance with the Attorney General's guidelines. *Helms v. Hewitt,* 655 F.2d 487, 503 n. 15 (3d Cir.1981).

Few states have inmate grievance procedures that have been found to "substantially comply" with the § 1997e guidelines; therefore, few reported cases discuss the meaning of "exhaustion" under § 1997e.

In *Lewis v. Meyer*, 630 F.Supp. 937 (E.D. Wisc.1986), the District Court continued the inmate plaintiff's suit for 90 days and required the inmate to exhaust his administrative remedies in accordance with § 1997e. At the expiration of the continuance, the court found that "[a]lthough the plaintiff pursued his administrative remedies far enough to clarify the record as to the Division of Correction's interpretation of § HSS 302.18(3)(b), plaintiff has failed to exhaust these remedies." *Id.* at 937. The court did not dismiss the case for failure to exhaust because, at the time of the continuance, the court had not formally determined that the Wisconsin procedures substantially complied with the statutory requirements.

Although the court's opinion in *Lewis* does not indicate what steps were taken by the plaintiff, it is clear that the plaintiff in that case had commenced but not completed the grievance procedure. The court's opinion implies that commencement of grievance procedures alone is not sufficient to comply with the exhaustion requirements of § 1997e.

■ It is the holding of this Court that, to exhaust administrative remedies, an inmate must not only commence the grievance procedure but must appeal the grievance within the ninety-day period to the highest administrative level available to him within said ninety-day period. The mere expiration of the ninety-day period with some degree of participation in the inmate grievance process does not constitute exhaustion of administrative remedies within the meaning of 42 U.S.C. § 1997e.

For this Court to fail to require plaintiff to exhaust his administrative remedies where the grievance procedure has been expressly approved by the Department of Justice would make the grievance procedure a sham and undermine the purpose for which § 1997e was enacted: to facilitate the swift resolution of inmate grievances at the institutional level, whenever possible.

As plaintiff failed to appeal grievance # 8600120 beyond Level I, and failed to appeal grievances # 8600298 and # 8600531 beyond Level II, and the time for such appeals has now expired, the Court hereby DISMISSES all claims based on those grievances.

Plaintiff has failed to submit to the Court copies of grievance # 8601907; accordingly, the Court hereby ORDERS plaintiff to submit to the Court a copy of that grievance. If plaintiff fails to submit a copy to this Court within twenty (20) days of his receipt of this order, the claims based upon that grievance may be dismissed.

The Clerk is DIRECTED to send a copy of this order to plaintiff.

IT IS SO ORDERED.