William Clifton LEWIS, Plaintiff-Appellant,

v.

James MEYER, Defendant-Appellee.

Nos. 86–1886, 86–2753.

United States Court of Appeals, Seventh Circuit.

Argued March 10, 1987.

Decided March 26, 1987.

William Clifton Lewis, Waupun, Wis., for plaintiff-appellant.

Frank D. Remington, Lee, Johnson, Kilkelly & Nichol, S.C., Madison, Wis., for defendant-appellee.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

William Lewis, a prisoner of Wisconsin, applied for a job in the law library of the Dodge Correctional Institution. James Meyer, his social worker, refused to forward the application to the Program Review Committee. Meyer says that he acted on the authority of Wisc.Adm.Code § HSS 302.18(3)(b); Lewis says that Meyer acted because of Lewis's race and litigiousness. Lewis filed this suit under 42 U.S.C. § 1983 to pursue his interpretation of events. The district court first ordered Lewis to exhaust the administrative remedies provided to prisoners in Wisconsin, see Wisc.Adm. Code §§ HSS 310.01–HSS 310.14, and then dismissed the suit when Lewis refused to appeal an adverse decision at the first two stages of the process established by the state's rules. Lewis has appealed both from the order to exhaust remedies and from the dismissal of the suit. The first appeal (No. 86–1886) is not directed to a final order and is dismissed; the second appeal presents a substantial issue.

■ Exhaustion of administrative remedies usually is not a condition precedent to suit under § 1983. See *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). There is one exception, created in 1980 in the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997–1997j. Section 1997e(a)(1) provides that if a court determines that it is "in the interests of justice" to do so, it may "continue [the] case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and efficient administrative remedies as are available." Section 1997e(a)(2) provides that exhaustion may not be required "unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section." Section 1997e(b) sets out a list of minimum standards that must appear in the Attorney General's regulations.

The Attorney General has not certified Wisconsin's procedures as adequate, though so far as we can tell he has not been asked. "So far as we can tell" is a necessary qualification, because the Attorney General has not published a list of complying state rules. Neither the applications for approval nor the Attorney General's dispositions are published in the Federal Register. The federal regulation implementing § 1997e invites interested people to check with the Department of Justice to find out if a state's rules have been certified, see 28 C.F.R. § 40.21, which is a curious procedure so long after the Administrative Procedure Act. This court's attempt to follow § 40.21 produced a mad scramble in the Department of Justice, as people tried to determine who, if anyone, had the authoritative list. According to the Bureau of Prisons, Iowa and Virginia have fully certified systems, the District of Columbia has a conditionally certified procedure, and Wyoming has one penitentiary with an ap-

proved set of rules. It would promote the administration of justice if the determinations and list were published, not hidden in a drawer. As Wisconsin does not claim to be using approved regulations, and the Bureau of Prisons does not believe that the Attorney General has approved anything from Wisconsin, we shall inquire whether that state's rules were properly endorsed by the district court under § 1997e(a)(2).

There are two preliminary questions about whether the court's approval matters. First, § 1997e(a)(1) allows a district court to "continue" the case for not more than 90 days, and one possible reading of this language is that after the 90 days have expired the case must proceed to judgment, whether or not the plaintiff has pursued his remedies in the interim. That would be an unreasonable reading, however. Section 1997e(a)(1) also says that the court may "require exhaustion" of the remedies, and a delay of 90 days is not much of a "requirement". Continuation (as opposed to dismissal) of the suit, coupled with a time limit, is designed to prevent the state from dragging its heels, not to allow the plaintiff to thumb his nose at the requirement of exhaustion. If the plaintiff declines the court's invitation to exhaust state remedies, the court may dismiss the case.

The second matter is Lewis's claim that he did all that was required. The Wisconsin regulations establish five levels of review; Lewis used the first two and quit, saying that he was disgusted and convinced that the process is a sham. Lewis also claims that he wrote letters to many state officials and says that the combination is sufficient. It is not. The statute allows a court to require exhaustion of the procedures the state defines, not those the plaintiff deigns to use. The prisoner may not define his own preferred administrative procedure and exhaust that. Failure at two levels of a procedure does not imply that the other layers are shams; if it were, this court, which often is the eighth tier in an administrative case, would have little justification for its existence. (In a Social Security disability case there are at least three administrative tiers before a case is submitted to an administrative law judge.

The Appeals Council, magistrate, and district judge complete seven tiers before this court becomes the eighth. And in collateral attacks on criminal convictions, the process can include even more stages.)

The district court determined that the Wisconsin rules meet the minimum requirements of § 1997e(b)(2)(A) to (E). *Lewis v. Meyer*, 630 F.Supp. 937 (E.D.Wis.1986). It may well be that if we had to compare Wisconsin's rules against this statutory language, we would come to the same conclusion. But this is not the comparison for which § 1997e(a)(2) calls. The statute requires the state's regulations to pass muster under "the minimum acceptable standards *promulgated under* subsection (b) of this section" (emphasis added)—in other words, under the Attorney General's regulations. The district court recognized that the state's rules must "comply with the minimum standards promulgated by the United States Attorney General" (630 F.Supp. at 937) but never cited those standards or evaluated the Wisconsin rules under them. Meyer's brief on appeal proceeds in the same fashion, disregarding the Attorney General's regulations. (Indeed, the brief seriously misquotes § 1997e(a)(2), repeatedly deleting without ellipsis the language referring to compliance with the regulations.)

The Attorney General's regulations, 28 C.F.R. §§ 40.1–40.22, add to the sketchy criteria set out in § 1997e(b)(2). In several ways they track the statute. But they add at least two requirements: (1) that prisoners participate in the formulation, operation, and assessment of the grievance procedures, §§ 40.2 and 40.7(b); and (2) that the grievance procedures be given and explained to prisoners, who must have the opportunity to ask questions about the procedures, § 40.3. The requirement of advice in the formulation of the procedures is modified slightly for state rules adopted before the federal regulations, which these state rules were. (Wisconsin adopted the rules on May 1, 1981, and the Attorney General's regulations became effective November 1, 1981.) But the district court did not find that Wisconsin's system complies

with the weaker requirement under § 40.2 that inmates participate in (or at least give advice about) the review of the rules or with the notice and question requirement of § 40.3.

Section 1997e(b)(2)(A) specifies that inmates shall have an "advisory role . . . in the formulation, implementation, and operation of the system". The district court found this satisfied by the fact that § HSS 310.01(2)(a) allows inmates to use the system to challenge any prison rule—presumably including the rules for the challenge of rules. The inmates therefore have an "advisory role" in the system because they are authorized to ask for change, including a change to establish an advisory role. This is a conceivable interpretation of § 1997e(b)(2)(A), but it is not the Attorney General's. The federal regulations require the state to take some initiative to involve the prisoners, both in the review of the operation of the regulations, see § 40.2, and in the adjustment of grievances about prison rules, see § 40.7(b). Section 40.7(b) provides in part: "At a minimum, some employees and inmates shall be permitted to participate in an advisory capacity in the disposition of grievances challenging general policy and practices and to review the effectiveness and credibility of the grievance procedure." The Wisconsin rules do not give inmates any advisory role in the "disposition" of grievances. Perhaps that role is afforded in practice, but the district court approved the rules without inquiring into practice.

Meyer may respond that Lewis was not making the sort of challenge to general policy that activates this portion of § 40.-7(b). So far as § 40.7 is concerned, inmates may but need not be given an advisory role in the adjustment of personal grievances, such as Lewis's. That is so, but not sufficient, because the inmates' longer-term role under §§ 40.2 and 40.7 apparently includes consultation on the operation of the whole system. It is also potentially important that, under § 1997e(a)(2), the state's rules need achieve only "substantial compliance" with the Attorney General's regulations. But the regulations in turn define "substantial compliance" to mean:

"no omission of any essential part from compliance, that any omission consists only of an unimportant defect or omission, and that there has been a firm effort to comply fully with the standards." 28 C.F.R. § 40.1(h). So far as we can tell, the state has done little if anything to comply with §§ 40.2, 40.3, and 40.7(b), which is not "substantial compliance" under § 40.1(h).

 Because the district court did not discuss the Attorney General's regulations, it did not ask whether other rules or practices in force in Wisconsin overcome the deficiencies we have found. We do not say that the Wisconsin rules are out of compliance with the federal regulations. Perhaps Wisconsin has secured the Attorney General's approval after all, a subject that will be open on remand. It is premature, however, to certify them as in compliance. Appeal No. 86–1886 is dismissed for want of jurisdiction. On appeal No. 86–2753, the judgment of the district court is vacated, and the case is remanded for further proceedings.