676

Clifton LASHLEY, Plaintiff,

v.

Gary STOTTS, et al., Defendants.

No. 91–3345–DES.

United States District Court,
D. Kansas.

March 22, 1993.

Clifton L. Lashley, pro se.

Kristy L. Hiebert, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff's motion for summary judgment (Doc. 11). Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was convicted in Kansas, and is currently serving his sentence in a Florida correctional facility. He complains he is denied access to Kansas legal materials and to programming required by Kansas for parole consideration. He seeks his transfer back to Kansas.

Plaintiff was convicted in Kansas in 1982. The next year, plaintiff asked to be transferred to Florida to be closer to his family. That transfer finally occurred in 1990, pursuant to the Interstate Corrections Compact. Six months later, plaintiff began requesting transfer back to Kansas, claiming he needed access to Kansas legal materials to process an appeal in the Kansas Appellate courts, and later claiming he needed to complete a required Kansas program titled "Criminal Behavior," which was not available in Florida. Plaintiff's requests for a transfer to Kansas have been denied.

The *Martinez*[1] report filed in this case by the Kansas Department of Corrections (KDOC) indicates plaintiff can obtain help with Kansas law by contacting Kansas Legal Services, Inc., a non-profit corporation providing legal assistance to Kansas prisoners. The report further indicates plaintiff failed to docket an appeal in the state appellate courts, and thus no state legal action is pending. Plaintiff provides no documentation or factual support to his claim that he is required to complete a specific program called "Criminal Behavior." Rather, KDOC shows plaintiff has yet to complete required "mental health counseling." There also is no record that plaintiff ever sought relief through a prison regulation that allows modification of plaintiff's program agreement if required programming is not available. Finally, plaintiff is not eligible for release on parole until 1996, thus plaintiff has ample opportunity to complete his required programming or to modify his program agreement if necessary.

Having reviewed the record, the court finds plaintiff is not entitled to summary judgment. Additionally, the court questions whether any factual or legal basis exists for plaintiff's claims.

1. *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978).

Plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(d) grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327 and 328, 109 S.Ct. 1827, 1832 and 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* — U.S. —, 112 S.Ct. 1728, 118 L.Ed.2d 340, 350 (1992). A *Martinez* report can be used to evaluate claims for purposes of dismissal under 1915(d). *Taylor v. Wallace,* 931 F.2d 698, 700 n. 3 (10th Cir.1991). The purpose of a *Martinez* report is to determine whether there is a legal basis for plaintiff's claims. *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir.1987). The report is not to be used to resolve material factual issues. *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992).

■ A prisoner has no constitutional right to be incarcerated in any particular facility or state. *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Responsibility for the control and management of corrections facilities rests with the administrative officials and agencies charged with their operation. Management decisions of these officials are not subject to judicial review unless made "in such a manner as to constitute a clear abuse of discretion or caprice on the part of prison officials." *Ramos v. Lamm,* 713 F.2d 546, 563 (10th Cir.1983).

Evaluating the present record in the light of plaintiff's prison record and the above referenced legal standards, the court finds plaintiff's allegations fail to present any claim of constitutional dimension. *See for comparison, Jaben v. Moore,* 788 F.Supp. 500 (D.Kan.1992) (§ 1983 complaint dismissed for failure to state claim of constitutional deprivation where Kansas prisoner confined out of state failed to use available assistance with Kansas legal resources, and where programming in out of state facility may not have provided Kansas programming).

To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. *Hill v. Ibarra,* 954 F.2d 1516 (10th Cir.1992). In the present case, the court finds plaintiff's claims of constitutional deprivation are frivolous and without basis in law or fact. Dismissal of the complaint, therefore, is appropriate under § 1915(d).

IT IS ORDERED that the complaint is dismissed, and that all relief requested by plaintiff is denied.