73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andre N. MARTIN, Plaintiff-Appellant,
v.
NATRONA COUNTY BOARD OF COUNTY COMMISSIONERS; David Dovala,
Natrona County Sheriff; Lt. Kevin Dougherty, Natrona County
Detention Center Administrator; Mike Marsh, Diane
Stevenson, Connie Calhoun, Jamie Jiminez, Natrona County
Detention Center Nurses; Ernie Nichols, Natrona County
Detention Center Nursing Supervisor; Officer Jacques,
Officer Schultz, Officer McFall, Officer Leete, Sgt.
Schreffler, Sgt. Edwards, Sgt. Devereaux; Sgt. Sorenson,
Natrona County Detention Center Officers; CPL. Gaylord, and
CPL. Ridley, Natrona County Detention Center Officers and
Shift Supervisors; all in their official capacities,
Defendants-Appellees.
 No. 95-8025
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1996.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 Plaintiff Andre N. Martin, a prisoner in the Natrona County Detention Center ("NCDC"), filed a civil rights complaint pursuant to 42 U.S.C.1983, alleging multiple constitutional violations by Defendants, who are various officials connected with the NCDC. A United States magistrate judge, finding the complaint to be frivolous under 28 U.S.C.1915(d), recommended the district court dismiss Plaintiff's complaint, which the court did. Plaintiff now appeals, arguing: (1) the district court improperly denied him leave to amend his complaint; (2) the magistrate judge failed to address certain elements of Plaintiff's claim; (3) the magistrate judge incorrectly afforded deference to NCDC's grievance procedures; and (4) the magistrate judge erred in requiring Plaintiff to exhaust his administrative remedies before deciding his case on the merits. We affirm.[2]
 
 FACTS
 
 2
 Plaintiff's Section 1983 complaint[3] alleges denial of his right: to have his bible and other personal items; to have access to a particular shower; to effective assistance of counsel; to be free from excessive bail; to due process and equal protection; and to be free from cruel and unusual punishment.
 
 
 3
 On January 30, 1995, the magistrate judge stayed Plaintiff's complaint under 42 U.S.C.1997e(a)(1) for failing to prove that he exhausted administrative remedies provided by the NCDC. In response, Plaintiff presented a file to the court containing 237 grievances and requests which he had submitted to the NCDC.
 
 
 4
 The magistrate judge on March 15, 1995, then recommended that the district court dismiss Plaintiff's civil rights complaint. Specifically, the magistrate judge reviewed Plaintiff's grievances and concluded that "each and every concern asserted by the plaintiff in the grievance forms has been adequately addressed by the Detention Center." The judge then addressed three of Plaintiff's specific complaints as examples of how the prison remedied Plaintiff's grievances.[4] The judge also recognized that agencies charged with the administration of correctional facilities are not subject to judicial review unless their decisions are made in such a manner as to constitute clear abuse of discretion. See Lashley v. Stotts, 816 F.Supp. 676 (D.Kan.1993). Finally, the judge concluded that Plaintiff's complaint was frivolous because his concerns were addressed through the prison's grievance procedure.
 
 
 5
 The judge then ordered that Plaintiff could submit objections to the report and recommendation within ten days after receipt of the report. Plaintiff did not file any objections. On March 27, 1995, the United States District Court for the District of Wyoming adopted the magistrate judge's recommendation and accordingly dismissed Plaintiff's complaint.
 
 
 6
 I. Failure to Permit Opportunity to Amend Complaint
 
 
 7
 Plaintiff first argues that the district court erred in failing to grant him the opportunity to amend his complaint regarding the allegations that the magistrate judge did not explicitly address, see supra note 3, before adopting the magistrate judge's recommendations. However, nowhere in Plaintiff's brief or the record does it indicate that Plaintiff requested leave to amend following the magistrate judge's report. The district court did not err in failing to permit, sua sponte, Plaintiff the opportunity to amend his complaint.
 
 
 8
 Plaintiff also argues that considering the restraints on postal access that incarcerated individuals confront, the time he had to object to the magistrate's report and recommendation was shortened by two-days. However, Plaintiff ignores the fact that the magistrate judge granted Plaintiff ten days from the time he received the report and recommendation to object. Therefore, any delay that Plaintiff encountered in receiving the report and recommendation would not have shortened the time he had to respond.
 
 
 9
 II. The Magistrate Judge's Failure to Address all of
 
 Plaintiff's Claims
 
 10
 Second, Plaintiff argues that the magistrate judge erroneously excluded several of Plaintiff's specific claims from consideration. However, we find that the report and recommendation indicates the contrary. Although the judge chose only to address the specifics of three allegations, the judge concluded that "each and every concern asserted by the plaintiff in the grievance forms has been adequately addressed by the Detention Center." The judge therefore did resolve all of Plaintiff's claims, although he did not necessarily address each one with specificity.
 
 
 11
 III. The Magistrate Judge's Deference to NCDC Officials
 
 
 12
 Third, Plaintiff argues that the magistrate judge should not have deferred to the NCDC officials because the correction facility was operating under a contempt order arising out of an unrelated action. We are not persuaded, however, that the abuse of discretion standard should be abrogated when a defendant penal institution is acting under a contempt order in an unrelated case. We also note that the magistrate judge reviewed Defendants' responses to each of Plaintiff's grievances and concluded that "[t]he administrative procedure, in this case, has provided adequate, and in large part, favorable remedies to the plaintiff. Therefore, there is no need for intervention by the Courts."
 
 IV. Exhaustion of Administrative Remedies
 
 13
 Finally, Plaintiff argues that the magistrate judge erred in requiring him to exhaust administrative remedies under 42 U.S.C.1997e(a). That provision provides:
 
 
 14
 (1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other such correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.
 
 
 15
 (2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determine that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective.
 
 
 16
 Plaintiff argues that the magistrate judge erred in requiring exhaustion pursuant to Section 1997(a)(2) for two reasons: (1) Plaintiff had not been convicted at the time the judge ordered exhaustion, but rather was a pre-trial detainee; and (2) The judge did not make a finding that the grievance procedures provided by the NCDC are in substantial compliance with promulgated regulations, or that the Attorney General had certified the NCDC's procedures. We agree with Plaintiff that the magistrate judge erred in these regards, but consider such error to be harmless.
 
 
 17
 Plaintiff is correct in arguing that Section 1997e(a) does not apply to pre-trial detainees under the plain language of the act. See Section 1997e(a)(1) (limiting applicability to actions brought "by an adult convicted of a crime confined in any jail ..."). Furthermore, we agree that a judge cannot require exhaustion under paragraph (2) without explicitly determining that the facility's grievance procedures are in substantial compliance with regulations or have been certified by the Attorney General. See Lewis v. Meyer, 815 F.2d 43, 44-45 (7th Cir.1987). Here, the magistrate judge required Plaintiff prove that he employed NCDC grievance procedures, but did not explicitly decide whether these procedures were in substantial compliance with the regulations or whether the Attorney General had certified the NCDC grievance procedures.
 
 
 18
 Despite the magistrate judge's misapplication of Section 1997e, we consider the error to be harmless. Fed. R.Crim. Pro. 52(a) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights should be disregarded." Furthermore, we consider a non-constitutional error harmless "unless it had a substantial influence' on the outcome or leaves one in grave doubt' as to whether it had such effect." U.S. v. Flanagan, 34 F.3d 949, 955 (10th Cir.1994). Here, the only result of requiring Plaintiff to prove exhaustion was that Plaintiff was required to present copies of his grievances to the magistrate judge in order to prove that he had already exhausted the prison procedure. Because the judge ultimately did review Plaintiff's claims on the merits, there was no showing of harm or prejudice resulting out of Plaintiff's order to submit copies of his prison grievances to the court. Instead, the fact that the judge required Plaintiff to supply the grievances in an effort to prove exhaustion was irrelevant to the outcome.
 
 CONCLUSION
 
 19
 Therefore, for the foregoing reasons, we AFFIRM the decision of the district court, adopting the magistrate judge's report and recommendation dismissing Plaintiff's Section 1983 claims. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Plaintiff asserts that he brought two Section 1983 actions against Defendants. However, the record indicates that what he considers to be his second complaint was treated as an amendment complaint
 
 
 [4]
 The judge noted that prison officials responded to: (1) Plaintiff's claims of harassment by cellmates by immediately moving those individuals; (2) Plaintiff's request for medical care by setting appointments with health care providers; and (3) Plaintiff's request for writing materials by providing him with the requested materials