**UNITED STATES COURT OF APPEALS**

<u>Filed 4/4/96</u>TENTH CIRCUIT

MARK S. BARNES,

       Plaintiff-Appellant,

v.

       Case No. 95-8035

JUDY UPHOFF, Director; DUANE
SHILLINGER, Warden; ARCHIE KIRSCH,
Prison Doctor; JOHN PERRY, Infirmary
Administrator,

       (D.C. 95CV-03)
       (District of Wyoming)

       Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.

Pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff Mark S. Barnes filed this civil rights

complaint and related grievances alleging that defendants delayed providing medical treatment,

exhibited deliberate indifference to his serious medical needs, and retaliated against him for the

filing of his grievances.  As Wyoming has implemented an Inmate Grievance Procedure which

has been certified by the United States Department of Justice, <u>see</u> 42 U.S.C. § 1997(e); 28 C.F.R.

§ 40.1-.22, the court stayed his civil rights complaint, requiring that he prove exhaustion of

---

[*]      This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

administrative remedies. After reviewing the responses submitted by the plaintiff, the magistrate judge recommended that the plaintiff's complaint be dismissed with prejudice as frivolous. The district court adopted the magistrate's report and dismissed the complaint as frivolous. The district court also denied the plaintiff's motion to reconsider.

We review the district court's determination of frivolousness under 28 U.S.C. § 1915(d) for an abuse of discretion. Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995). We affirm the district court for substantially the same reasons contained in the magistrate's report.[1] The general allegations made with respect to medical treatment clearly do not rise to the level of "wanton and unnecessary infliction of pain" required by our cases. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Abbott v. McCotter, 13 F.3d 1439, 1441-42 (10th Cir. 1994); Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987).

The magistrate found the warden's responses "more than adequately addressed" plaintiff's concerns and showed that he received regular care and that an appointment with a specialist had been made. Rec. doc. 8 at 3-4. Plaintiff's request that he receive more time in the infirmary and yet not be subjected to lock-downs is illogical. Further, reasonable management decisions as to the security and operation of correction facilities are not subject to judicial review unless shown to be made "in such a manner as to constitute clear abuse of discretion or caprice." Ramos v. Lamm, 713 F.2d 546, 563 (10th Cir. 1983); see also Bailey, 828 F.2d at 653 (citing Hewitt v. Helms, 459 U.S. 460, 467 (1983)); Lashley v. Stotts, 816 F. Supp. 676, 677 (D. Kan. 1993). Likewise, the other prison security policies were amply justified and showed no evidence

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

of retaliation.

The plaintiff's response to the magistrate's report still fails to meet his burden. The evidence presented to and examined by the magistrate (evidence that the plaintiff was allowed to supplement after the initial stay) reveals adequate efforts to provide medical care. The record provided us by the plaintiff simply does not support any conclusions other that those reached by the magistrate judge. Indeed the plaintiff's complaints about not wanting to be subjected to lock-down security at the infirmary and not desiring to be placed there because of its no smoking and no television policies belie his allegations.

The decision of the district court is AFFIRMED.

Entered for the Court,

Robert Henry
Circuit Judge