94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wande WA-GINO, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS, and officials; Samuel
Lewis, Director, Arizona Department of
Corrections; D.C. Harkins, Deputy
Warden; Sgt. Morgan; Officer
5596, Defendants-Appellees.
 No. 95-16931.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Wande Wa-Gino appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 action challenging the constitutionality of a prison grievance procedure and alleging that prison officials failed to secure his personal property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand.
 
 
 3
 We review de novo the district court's Rule 12(b)(6) dismissal of an action. McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992). "Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted). Moreover, a pro se pleading may not be dismissed without notice of the deficiencies and an opportunity to amend, unless amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Wa-Gino contends that the short filing deadlines of the Arizona Department of Corrections' ("ADOC") grievance procedure are unconstitutional.[1] Specifically, Wa-Gino contends, inter alia, that the ADOC grievance policy caused him to abandon his claim for redress for the loss of his personal property.
 
 
 5
 "Prisoners have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir.1996); accord Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). "The right of meaningful access to the courts extends to established prison grievance procedures." Bradley, 64 F.3d at 1279.
 
 
 6
 Here, the district court found that Wa-Gino failed to state a claim because the Arizona District Court had certified that the prison grievance system was "in substantial compliance with the minimum acceptable standards promulgated pursuant to the Civil Rights of Institutionalized Persons Act." See In the Matter of the Arizona Dep't of Corrections Grievance Process, Gen.Order 219 (D.Ariz. May 19, 1993). This certification, however, does not mean that the ADOC's grievance procedure is constitutional. Cf. Lewis v. Meyer, 815 F.2d 43, 45-46 (7th Cir.1987) (reviewing district court's compliance determination). Accordingly, the district court erred by dismissing Wa-Gino's action for failure to state a claim. See Love, 915 F.2d at 1245.
 
 
 7
 Wa-Gino also alleged in his complaint that prison officials were deliberately indifferent and negligent for failing to protect his personal property from harm by another inmate. These contentions lack merit.
 
 
 8
 First, Wa-Gino cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (stating that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm"). Second, Wa-Gino's claim of negligent deprivation of property by state officials is not cognizable under section 1983 because he has an adequate post-deprivation remedy under Arizona tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Ariz.Rev.Stat.Ann. §§ 12-821 to 12-823; Howland v. State of Arizona, 818 P.2d 1169, 1172-73 (Ariz.Ct.App.1991).
 
 
 9
 Because it is clear that no amendments could cure these legal defects, the district court properly dismissed Wa-Gino's property claims without leave to amend. See Noll, 809 F.2d at 1448.
 
 
 10
 Each party shall bear its own costs on appeal.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wa-Gino's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 ADOC Internal Management Policy 103.3.2 § 6.15.1.2 requires an inmate to submit a formal grievance within ten calendar days from the date of the official response to an inmate letter
 
 
 [2]
 On remand, the district court should consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)