101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christopher YOUNG, Plaintiff-Appellant,
v.
L. GARB, et al., Defendants-Appellees.
 No. 96-2600.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Oct. 31, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 For failure to exhaust available administrative remedies, the district court dismissed without prejudice this § 1983 Eighth Amendment claim against prison officials, brought by Christopher Young, an inmate at Joliet Correctional Center. Young concedes in his complaint that Joliet Correctional Center has a prisoner grievance procedure, and he further concedes that he has not sought relief through that procedure. Young states in his complaint simply that the grievance system never works in favor of inmates. Young seeks monetary damages ($3 billion from each defendant), and also the restoration of good time, release from segregation, transfer to another prison facility, and disciplinary action against defendants.[1]
 
 
 2
 In this appeal, Young argues that the district court is precluded, pursuant to 42 U.S.C. § 1997e(a)(1), from dismissing his civil rights actions for failure to exhaust administrative remedies. Instead, he contends that the district court must stay the action for up to ninety days under the terms of the statute as interpreted by the Supreme Court in McCarthy v. Madigan, 503 U.S. 140, 150-51 (1992). Young also submits that this court's decision in Lewis v. Meyer, 815 F.2d 43 (7th Cir.1987), requires the district court, prior to dismissing the action, to determine that the administrative procedures are in substantial compliance with § 1997 standards.
 
 
 3
 The problem with Young's arguments is that they are based on an earlier version of the statute. The current version of § 1997e has eliminated both the stay and certification provisions. Section 1997e(a) no longer contains any subsections. It states simply, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e, as amended by Pub.L. 104-134, § 101(a), § 803(d), 1996.
 
 
 4
 Congress has expressly amended the statute making exhaustion mandatory instead of discretionary, and has expressly eliminated provisions relating to minimum standards of prison grievance systems and requirements for certification of those systems. Id. The cases cited by Young addressed § 1997e specifically as it existed prior to the 1996 amendments. McCarthy, 503 U.S. at 150; Lewis, 815 F.2d at 45-46.
 
 
 5
 Young must exhaust the administrative remedies available to him through the prison system before he brings suit in Federal Court. Since the lower court dismissed the suit without prejudice, Young retains the opportunity to bring the action anew in Federal Court, but after he has properly exhausted administrative remedies. AFFIRMED.[2]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In other words, Young is not arguing that the court is precluded from requiring exhaustion on the grounds that the only relief he is seeking cannot be provided by the available administrative remedies, or that none of the relief he is seeking can be granted by administrative process. Nor is Young arguing any exceptions to the exhaustion requirement of § 1997e which judicially survive the 1996 amendments. See McCarthy v. Madigan, 503 U.S. 140, 146-149 (1992) (circumstances in which interests of individual weigh heavily against requiring administrative exhaustion are when requiring resort to administrative remedy may occasion undue prejudice to subsequent assertion of a court action, when the administrative remedy is inadequate because of some doubt as to whether the agency is empowered to grant effective relief, or when the administrative remedy would be inadequate because the administrative body is shown to be biased or has otherwise predetermined the issue before it)
 
 
 [2]
 On August 6, 1996, Young filed a motion with this court to have counsel appointed. We have determined that counsel is not necessary, and the motion is DENIED