**Walter M. LEACH, Plaintiff–Appellant,**

v.

**Rodney WASHINGTON, Kenneth Watts, and Pamela A. Bane, Defendants–Appellees.**

No. 02–3907.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.*

Decided April 29, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

Indiana inmate Walter Leach filed a lawsuit under 42 U.S.C. § 1983. He now challenges the district court's dismissal of that suit for failure to exhaust administrative remedies.

The lawsuit was based on Leach's frustrated attempts to maintain contact with his ten-year-old son. Leach had asked several correctional counselors for help in pursuing his legal remedies, but each replied that the specific help Leach sought was unavailable. Counselor Kenneth Watts, having been asked to certify Leach's indigence, explained that Leach

did not qualify as indigent because his trust account had a $40 credit within the preceding thirty days–more than the $15 threshold. Counselor Pamela Bane, whom Leach had asked to notarize a document, pointed out that the document asked for a Wisconsin notarization and that her Indiana seal would therefore be of no use. Counselor Rodney Washington, when asked to make a copy of a legal file, informed Leach that the counselor's office would copy documents only if they were fully prepared for court.

Leach sued all three correctional counselors under 42 U.S.C. § 1983, alleging violations of the First, Fifth, and Fourteenth Amendments. On his complaint form, however, Leach indicated that although there was a prison grievance system that would allow him to file a grievance about these matters, he had not done so. He explained his view that filing a grievance "would not cure the situation," and that "it is not necessary . . . to exhaust available administrative remedies . . . when laws are in clear violation."

The district court screened Leach's complaint pursuant to 28 U.S.C. § 1915A. Relying on Leach's representations, and explaining that the exhaustion requirement of 28 U.S.C. § 1997e(a) contains no exemption .for "clear violation," the court dismissed the complaint for failure to exhaust administrative remedies.

On appeal, Leach renews his assertion that he does not need to exhaust available administrative remedies before filing his civil rights complaint. He cites several cases in support of his argument, including *Patsy v. Bd. of Regents of the State of Fla.,*

---

* We granted the appellees' motion for non-involvement due to lack of service in the district court. Accordingly, this appeal has been submitted without the filing of a brief by the appellees. After examining the appel-lant's brief and the record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), *Clark v. Thompson,* 960 F.2d 663, 665 (7th Cir.1992), and *Lewis v. Meyer,* 815 F.2d 43, 46 (7th Cir.1987). But all of these cases were decided before the enactment of the Prison Litigation Reform Act of 1995, which imposed the exhaustion requirement for prisoners filing § 1983 claims challenging conditions of confinement. *See Booth v. Churner,* 532 U.S. 731, 733–34, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Perez v. Wisconsin Dept. of Corr.,* 182 F.3d 532, 534–35 (7th

Cir.1999). Leach's argument is therefore frivolous, and this appeal earns him a "strike" under 28 U.S.C. § 1915(g). *See Lewis v. Sullivan,* 279 F.3d 526 (7th Cir. 2002).

AFFIRMED.