**Franklin Delano FLOYD, Petitioner-Appellant,**

v.

**J. D. HENDERSON, Warden, United States Penitentiary, Respondent-Appellee.**

No. 72–1124

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

* ▮ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Franklin Delano Floyd, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Atlanta, Ga., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

For the reasons stated in the opinion of the district court appended, the order appealed from is affirmed.

APPENDIX

United States District Court
Northern District of Georgia
Atlanta Division

Franklin Delano Floyd
Civil Action
Number 15960
versus
J. D. Henderson, Warden
United States Penitentiary
Filed: Dec. 9, 1971

Petitioner, a federal prisoner in Atlanta, seeks habeas corpus relief. Specifically, he contends that when the At-

torney General transferred him to a state prison for concurrent service of state and federal sentences, the federal government waived its jurisdiction over him and, therefore, although time remains to be served on his federal sentence, he should be set free since the state has now released him on parole.

The petition is meritless. Under 18 U.S.C. § 4082, the Attorney General has the power to designate the place of a federal prisoner's confinement in a state or federal prison, and this authority is sufficient to permit the transfer of petitioner from one institution to another prison. See Lipscomb v. Stevens, 349 F.2d 997, 1000–1001 (6th Cir. 1965). Since he was serving both his state and federal sentences at the state prison, the federal government has never lost jurisdiction over petitioner. Furthermore even if the federal government had lost jurisdiction over petitioner when he was transferred to the state prison, he could not complain about being returned to federal prison, because the question of jurisdiction and custody over a prisoner is one of comity between governments and not a personal right of the prisoner. See Jones v. Taylor, 327 F.2d 493 (10th Cir. 1964).

Petitioner contends that certain Bureau of Prisons policies were not followed during the transfer. These policy statements are rules of practice and do not rise to the status of law. Thus, a transfer that was otherwise lawful would not become unlawful merely because a prison policy was not strictly followed.

There is no evidence that the transfer of petitioner to state prison was arbitrary or capricious. Although he has tried to convince the Court that he was harmed by the transfer, it appears that the transfer worked to petitioner's advantage since it converted what would have otherwise been consecutive sentences into concurrent sentences.

Accordingly, the petition is denied.

Let the petition be filed in forma pauperis.

It is so ordered.

This the 9th day of December, 1971.

(Signed) SIDNEY O. SMITH, JR.,
Sidney O. Smith, Jr.
United States District Judge