* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

fied, two completely different versions of the facts emerged. While the judge deservedly complimented plaintiff's court-appointed counsel for their "magnificent" efforts, he found himself "in a state of equipoise on the matter of probabilities. They are evenly balanced here."

Since plaintiff had not met his burden of persuading the trier of fact by a preponderance of evidence, the judge dismissed the complaint.

■■ On appeal, plaintiff challenges certain critical factual inferences drawn by the judge, which, he argues, were altogether unwarranted by the evidence. Where factual findings are challenged, however, we may not set them aside "unless clearly erroneous." Fed.R.Civ.P. 52(a). Although counsel have continued in this court their zealous and highly competent efforts on plaintiff's behalf, we do not see how we can, on this record, do anything but affirm.

Judgment affirmed.

James H. MOORE, Petitioner-Appellant,

v.

UNITED STATES ATTORNEY GENERAL, J. D. Henderson, Warden, etc., et al., Respondent-Appellee.

No. 72-3331
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1973.

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

James H. Moore, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Petitioner seeks a writ of mandamus to compel the Attorney General of the United States and the Warden of the Atlanta Federal Penitentiary to transfer his place of confinement from Atlanta to Lewisburg, Pennsylvania, so that he might be incarcerated in close proximity to the residence of his wife and children. While we have no doubt that such a transfer might serve to enhance the rehabilitative aspects of Petitioner's jail term, he has failed to raise a claim cognizable by federal courts. Therefore, we affirm the District Court's denial of the writ.

A person convicted of a crime against the United States and sentenced to con-

finement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General. 18 U.S.C.A. § 4082. Floyd v. Henderson, 5 Cir., 1972, 456 F.2d 1117; Holland v. Ciccone, 8 Cir., 1967, 386 F.2d 825. Cf. Royal v. Clark, 5 Cir., 1971, 447 F.2d 501; Krist v. Smith, 5 Cir., 1971, 439 F.2d 146; Haggerty v. Wainwright, 5 Cir., 1970, 427 F.2d 1137.

Affirmed.