**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 93-1249**
_____

**JOHN FRANCIS ROURKE,**

                                    **Petitioner-Appellant,**

                    **VERSUS**

            **R. G. THOMPSON,**

                                    **Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
_____
(December 17, 1993)

Before GARWOOD and BARKSDALE, Circuit Judges, and SHAW[1], District Judge.

BARKSDALE, Circuit Judge:

The principal issue before us is whether a federal prison inmate must exhaust the Bureau of Prisons' administrative remedies before he may attempt to secure injunctive relief in federal court. John Francis Rourke challenges the dismissal of his petition by the district court, contending that it erred in requiring such exhaustion. We **AFFIRM.**

                    I.

Rourke, incarcerated at the Federal Correctional Institution in Seagoville, Texas, filed a _pro se_, _in forma pauperis_ petition, pursuant to 28 U.S.C. § 2241, alleging that prison officials denied him adequate medical care and arbitrarily imposed various

---

[1]    Chief Judge of the Western District of Louisiana, sitting by designation.

disciplinary sanctions against him in violation of his constitutional rights. He sought "injunctive relief" from these alleged constitutional violations. A magistrate judge, after finding that Rourke admitted that he had not exhausted his administrative remedies,[2] recommended that the petition be dismissed without prejudice.[3] The district judge adopted the report and recommendation over Rourke's objections, and dismissed the petition without prejudice.[4]

After the entry of the judgment, Rourke sought leave to amend to bring a **Bivens**[5] action solely for monetary damages. The district court denied this motion.

## II.

### A.

Rourke challenges the dismissal for failure to exhaust administrative remedies. The district court dismissed Rourke's petition prior to service of process on the defendants; thus, we find that it dismissed the petition as frivolous under 28 U.S.C. §

---

[2]   The administrative remedies provided by the Bureau of Prisons are set forth in 28 C.F.R. § 542 (1993).

[3]   As Rourke stated in his objections to the magistrate judge's report and recommendation, Rourke filed a brief with the magistrate judge in which he (Rourke) admitted that "`he has begun but not fully exhausted his administrative remedies'".

[4]   As discussed *infra*, note 10, Rourke's positions regarding whether he had, in fact, exhausted administrative remedies have been difficult to grasp. In his written objections, Rourke principally contended that he need not exhaust those remedies, but never contended that the magistrate judge's finding that he had not exhausted those remedies was erroneous.

[5]   **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

1915(d).  *See **Spears v. McCotter***, 766 F.2d 179, 181 n.3 (5th Cir. 1985).  We previously have "assume[d] *arguendo* that a pauper's complaint may ... be dismissed prior to service of process for ... failure to exhaust administrative remedies if the deficiency is so clear that it renders plaintiff's attempt to prosecute the suit frivolous."  ***Holloway v. Gunnell***, 685 F.2d 150, 152 (5th Cir. 1982) (footnote omitted).  This is in accord with "the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts".  *See **McCarthy v. Madigan***, ___ U.S. ___, ___, 112 S. Ct. 1081, 1086 (1992).  Accordingly, if the action is one in which exhaustion of administrative remedies can be required, a district court may dismiss it under § 1915(d) if such remedies have not been exhausted.

Concerning whether Rourke's petition is amenable to the exhaustion requirement, this court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons."  ***United States v. Gabor***, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted); *see also **Lundy v. Osborn***, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels.  Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations

omitted).[6] To the extent that Rourke's pleading can be characterized as a § 2241 petition, dismissal was thus appropriate.

But, it is unclear whether Rourke's petition can be characterized as a § 2241 petition, because he seeks injunctive relief regarding only the conditions of his confinement. Rourke cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention. *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the *cause* of detention.") (emphasis added).[7]

Liberally construed, Rourke's *pro se* petition may be described as a complaint requesting injunctive relief from violation of his federal constitutional rights. *See Bell v. Hood*, 327 U.S. 678, 684 (1946) (noting the "established practice" of sustaining "the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution") (footnote omitted); *see*

---

[6] Similarly, a state prisoner must exhaust state administrative remedies prior to seeking habeas relief. *E.g.*, *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981). Likewise, the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, grants federal district courts the discretion to require the exhaustion of state administrative remedies for a state prisoner who files a civil rights action under 42 U.S.C. § 1983, subject to various requirements concerning the state administrative procedures. 42 U.S.C. § 1997(e).

[7] Coincidentally, this court has addressed a § 2241 claim filed by another Seagoville prisoner who presented, *inter alia*, claims concerning overcrowding and denial of medical treatment. *See Hernandez v. Garrison*, 916 F.2d 291, 292-93 (5th Cir. 1990). In that case, the prisoner sought a transfer to another correctional facility. *Id.* at 293. We noted that "[t]his type of injunctive relief is not a proper subject for a habeas corpus petition." *Id.*

- 4 -

*also* **Bivens**, 403 U.S. at 395-97 (citing **Bell** with approval and holding that a non-statutory right of action exists against federal officials who violate the Fourth Amendment).  We now examine whether exhaustion of the Bureau of Prisons' remedies is required before a federal prisoner may file such a complaint.

Recently, the Supreme Court determined that a federal prisoner need not exhaust those remedies prior to filing a **Bivens** action "solely for money damages." **McCarthy**, 112 S. Ct. at 1084, 1086-91. After carefully analyzing **McCarthy**, we conclude that the converse is true when a federal prisoner seeks only injunctive relief.

The linchpin of the **McCarthy** holding was the failure of the prescribed administrative remedies to provide for the monetary damages sought by the prisoner. *See* **id.** at 1091 ("We conclude that the absence of any monetary remedy in the grievance procedure also weighs heavily against imposing an exhaustion requirement.").  This concern is not implicated by actions, such as Rourke's, that seek only injunctive relief.  Indeed, the **McCarthy** Court specifically noted that the result might well have been different had the federal prisoner sought injunctive relief.  **Id.** at 1091 n.5; *see also* **id.** at 1092-93 (Rehnquist, J., concurring in judgment) (joined by Scalia and Thomas, JJ.) (contending that **McCarthy**'s result is correct only because the prisoner sought monetary damages unavailable through the administrative process).

The Court also expressed concern that the "rapid filing deadlines" required by the Bureau of Prisons' remedies created "the peril of forfeiting [a prisoner's] claim *for money damages*."  **Id.**

at 1091 (emphasis added).  But, the Court specifically noted that "because of the continuing nature of conduct subject to *injunctive relief*, the short filing deadlines would pose less difficulty because the limitations period would be triggered anew by ongoing conduct."  *Id.* at 1091 n.5 (emphasis added).

In sum, the concerns voiced in **McCarthy** are seriously diminished, if not absent, when a federal prisoner seeks injunctive relief.  Balancing "the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion", *see* **id.** at 1087, we conclude that judicial efficiency[8] and respect for administrative authority tip the scales in favor of requiring exhaustion.  *See* **id.** at 1086-87 (noting the institutional interests, such as judicial efficiency and respect for agencies, that counsel in favor of exhaustion); *see also* **Patsy v. Board of Regents**, 457 U.S. 496, 518 (1982) (White, J., concurring in part) ("exhaustion is a rule of judicial administration, and unless Congress directs otherwise, rightfully subject to crafting by judges") (internal quotation and citation omitted).  Therefore, we hold that a federal prisoner seeking only injunctive relief must first exhaust the

---

[8]     For example, approximately 30% of the appeals in this Circuit are brought by prisoners.  During court year 1992-93, 28.8% of the appeals in this Circuit were by prisoners (27.3% of the appeals were by prisoners without counsel).  For July through November 1993, the figure hovers at 31.5% (29.1% by prisoners without counsel).  Numbers alone do not tell the whole story, because of the settled rule that *pro se* pleadings must be construed liberally, *e.g.*, **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972).  A great deal of judicial resources are consumed in simply trying to determine the relief sought and the bases claimed for it, much less ruling on the merits.

administrative remedies provided by the Bureau of Prisons.[9]
Rourke's complaint was properly dismissed for failure to exhaust
them.[10]

---

[9] This case does not involve a mixed claim for both injunctive
and monetary relief; accordingly, we express no opinion as to the
proper result in such a case.

[10] Rourke contends that he did, in fact, exhaust those remedies.
Of course, any exhaustion which may have occurred subsequent to the
district court's ruling is not relevant; thus, Rourke's assertion
that, "[a]s a matter of interest", an administrative appeal has
been denied since the district court rendered judgment is not
relevant. Rourke's other assertions regarding this contention are,
to say the least, inconsistent. But, he did not object to the
magistrate judge's determination that he had not exhausted his
administrative remedies, as discussed *supra*, note 3. After
judgment, Rourke did contend that he had exhausted his
administrative remedies, but that contention was internally
inconsistent; Rourke stated in a post-judgment motion: "Although
Petitioner contends he has exhausted his administrative remedies,
he *continues to prosecute the two outstanding requests for
administrative relief*." (Emphasis added.) He also stated that
those two remaining requests were "*redundant*" with his petition.
(Emphasis added.) If Rourke had, in fact, exhausted *some*
administrative remedies, his own statements admit that two had not
been exhausted (even after the district court entered judgment),
and the subject matter of those two remedies duplicated his
petition. A § 1915(d) dismissal is reviewed only for an abuse of
discretion, *see* **Denton v. Hernandez**, ___ U.S. ___, ___, 112 S. Ct.
1728, 1734 (1992), and we find none here.

Rourke also contends that he made a "substantial effort to
obtain an administrative remedy", which should allow him access to
federal court. *See* **Holloway**, 685 F.2d at 154; *see also* **Shah v.
Quinlin**, 901 F.2d 1241, 1244 (5th Cir. 1990). The exception
excuses *pro se* litigants from the exhaustion requirement when the
litigant has failed to exhaust the Bureau of Prisons' remedies
either because of a lack of familiarity with the technicalities of
such procedures or an allegation that the Bureau's own procedural
irregularities caused the failure. *See* **Shah**, 901 F.2d at 1244;
**Holloway**, 685 F.2d at 154. The district court did not abuse its
discretion in refusing to apply this "substantial effort" exception
to Rourke. He is plainly familiar with the administrative
grievance procedure, and does not contend that inadvertence on his
part in that process has foreclosed his access to the federal
courts. Given that the district court's dismissal was without
prejudice, Rourke may file his action if the two administrative
appeals are resolved against him. In short, we do not believe that

B.

Rourke also contends that the district court erred in refusing to allow him to amend his petition.  Final judgment (dismissal *without prejudice*) was entered on February 26, 1993.  On March 8, 1993, Rourke sought leave to amend his petition from a § 2241 petition to an action "for money damages only" ($100,000) under 28 U.S.C. § 1331.  The district court denied that motion.  (It also denied by separate order Rourke's motion to reconsider the judgment; that motion was filed one day after his motion to amend the petition.)

Because Rourke's motion to amend his complaint was filed after the entry of final judgment, the "threshold question is whether we are reviewing the denial under the standards applicable to Rule 59(e) -- which favor the denial of motions to alter or amend a judgment -- or under Rule 15 -- which favor granting leave to amend.  Under either rule we review the district court's decision only to determine whether it was an abuse of discretion." *Southern Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).  When judgment has been entered on the pleadings, as is the case here, the Rule 15 standards apply. *Id.* Yet even under Rule 15, "leave to amend ... is by no means automatic, and we have affirmed denials when the moving party engaged in undue delay or attempted to present theories of recovery

---

the "substantial effort" exception need be applied when the prisoner's efforts are ongoing and give rise to the possibility of success.  To do so would eviscerate the administrative exhaustion requirement.

seriatim to the district court."  *Id.* at 612 (footnotes omitted).

We find no abuse of discretion in the district court's refusal to

allow Rourke to amend.[11]

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[11]     Rourke's motion to amend appeared to hinge on the claim that
no Rule 58 final judgment had yet been entered, a contention that
was erroneous, as a separate judgment had been entered; indeed, the
"Court's records reflect ... that a copy of the judgment was mailed
to [Rourke]."  (Rourke denies that a judgment had been served on
him, but, as noted, on the day after filing the motion to amend,
Rourke filed a Rule 59(e) motion.  There, he asserted that he had
not received a judgment, but he acknowledged that he had received
the district court's February 26 Memorandum and Order adopting the
magistrate judge's report and overruling Rourke's objections to
it.)  Thus, the district court also may have been concerned that
Rourke's motion to amend had been made, at least in substantial
part, in bad faith, which is a legitimate reason to deny leave to
amend.  *See* ***Gregory v. Mitchell***, 634 F.2d 199, 203 (5th Cir. 1981).