UNITED STATES COURT OF APPEALS
**Filed 4/18/96**TENTH CIRCUIT

_____

JAMES JOSEPH OWENS,         )
                                         )

         Plaintiff-Appellant,       )
                                         )

         v.                        )      No. 95-1520
                                       )   (D.C. No. 95-S-1967)
LEE GREEN, Disciplinary Hearing   )      (D.Colo.)
Officer, ADX-Florence, Colorado,   )
                                         )

         Defendant-Appellee.     )

_____

ORDER AND JUDGMENT[*]
_____

Before TACHA, BALDOCK, and BRISCOE**,** Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

James Joseph Owens, a federal prisoner, brought this 42 U.S.C. § 1983 action for declaratory and injunctive relief, alleging his constitutional rights were violated primarily because Lee Green, a disciplinary hearing officer, refused his request to call several witnesses at two disciplinary hearings held on July 19, 1995, and he was provided inadequate assistance by his staff representative. He also raised various instances of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

retaliation in subsequent filings. The district court treated this cause of action as a Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), action filed pursuant to 28 U.S.C. § 1331 because Owens did not allege that state action resulted in the violation of his constitutional rights, a jurisdictional prerequisite for a 42 U.S.C. § 1983 action.

Owens moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The magistrate judge granted his motion and referred his complaint to the district court for review pursuant to 28 U.S.C. § 1915(d). The district court ordered the government to submit a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Owens moved for default judgment and then for a preliminary injunction. The district court ordered the government to file a second Martinez report because the first report addressed a disciplinary hearing unrelated to Owens' action. Owens replied to the second Martinez report and moved for summary judgment. The district court dismissed the action because Owens had failed to exhaust his administrative remedies prior to bringing suit. In its order of dismissal, the court noted that after bringing this action Owens successfully appealed his two disciplinary convictions to the Regional Director of the Bureau of Prisons, who ordered new disciplinary hearings on both charges to be held sometime during the week of November 6, 1995. The court explained that "[i]f the plaintiff is unsatisfied with the results of the new hearings, he again will be required to exhaust administrative remedies . . . prior to filing suit for declaratory and injunctive relief in this court." Order of Dismissal 4-5. Further, the court held Owens' request for declaratory and injunctive relief based upon alleged constitutional deprivations at the July 19, 1995, hearings was moot by reason of the Regional Director's order. We agree.

The Bureau of Prisons has established a grievance procedure through which

2

inmates may seek review of complaints relating to any aspect of their imprisonment. Administrative Remedy Procedure for Inmates, 28 C.F.R. § 542.10-16. See also 28 C.F.R. § 541.19. A federal prisoner who initiates a Bivens claim seeking only injunctive relief must first exhaust this procedure. Rourke v. Thompson, 11 F.3d 47, 50 (5th Cir. 1993). Accord Young v. Quinlan, 960 F.2d 351, 356 n. 8 (3d Cir. 1992) (dicta). Cf. McCarthy v. Madigan, 503 U.S. 140, 153 n. 5 (1992); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 525 (11th Cir. 1994) (finding exhaustion required where prisoner sought both monetary and injunctive relief).

Owens did not exhaust his administrative remedies before seeking judicial review. He has not shown that requiring exhaustion would prejudice his claim, that the remedy is inadequate, or that the administrative body is biased. See McCarthy, 503 U.S. at 146-48. His success on his administrative appeal belies his contention that the administrative body is biased against him. Additionally, contrary to what he seems to argue in his briefs and in his "Affidavit of Appellant Constituting Newly Discovered Evidence Impacting This Appeal," an inmate may appeal a hearing officer's decision even in the absence of a written report. See 28 C.F.R. § 541.19 (providing that when the hearing officer's report is unavailable at the time the inmate files his appeal, the inmate need only state the date of the hearing and the nature of the charges against him).

We have carefully examined the entire record on appeal and we find no reversible error.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3