87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Arizona Department of Corrections;
Samuel A. Lewis, Director, Director, Arizona Department of
Corrections; Elizabeth Jangula, Industrial Hygienist II;
Warden Ryan, Warden Upchurch; ADW Masters-Webb; Frank
Terry, Associate Deputy Warden; Captain Austin, Chief of
Security; Lt. Coomes Mark Gomes, Physical Plant Manager;
Gary Sweet, Physical Plant Supervisor II; Eddie Ramirez,
Chief, On-Site Maintenance Officer; Disposal Control
Services, Inc. (DCI, Inc.); Michael Sundblom, Asbestos
Coordinator; Carolyn Browner, Administrator, Environmental
Protection Agency; Arizona Department of Administration,
Defendants-Appellees.
 No. 95-17051.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire, an Arizona State prisoner, appeals pro se the dismissal of his action for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. The action claims violations of the Eighth and Fourteenth Amendments and federal environmental statutes based on St. Hilaire's alleged exposure to asbestos. We have jurisdiction under 28 U.S.C. § 1291, see Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989), and we reverse and remand.
 
 
 3
 We construe the dismissal of St. Hilaire's action as a dismissal for frivolousness under 28 U.S.C. § 1915(d) because he was proceeding in forma pauperis and the district court dismissed prior to service of process. See Lopez v. Department of Health Servs., 939 F.2d 881, 882 (9th Cir.1991); see also Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993) (judging under section 1915(d) a pre-service dismissal for failure to exhaust). We review section 1915(d) dismissals for abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). An action is frivolous if it lacks an arguable basis either in law or fact. See, e.g., Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995).
 
 
 4
 To determine whether this action was properly dismissed before service of process, we consider not only whether St. Hilaire's underlying claims were frivolous but also whether his arguments opposing the exhaustion requirement were frivolous. Cf. Rourke, 11 F.3d at 50 n. 10 (noting that prisoner's arguments that he actually had exhausted his claims were not so clear as to render pre-service dismissal for failure to exhaust an abuse of discretion); Holloway v. Gunnell, 685 F.2d 150, 152 (5th Cir.1982) (observing that, while "the question of 'frivolousness' usually concerns the merits of the complaint," failure to exhaust may also render an action frivolous).
 
 
 5
 The merits of St. Hilaire's action are not frivolous. He alleges that prison authorities removed asbestos from facilities near his cell, that the asbestos became airborne due to defendants' deliberate indifference, and that consequently he was exposed to asbestos. These allegations give St. Hilaire's claims under the Eighth and Fourteenth Amendments an arguable basis in fact and law. See Helling v. McKinney, 509 U.S. 25, 35 (1993) (prisoner who alleges that prison officials have, with deliberate indifference, exposed him to levels of environmental tobacco smoke posing an unreasonable risk of serious damage to future health states an Eighth Amendment claim); cf. Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir.1995) (reversing summary judgment and remanding for trial where inmate was required to clean up asbestos without adequate protective gear). Similarly, St. Hilaire's environmental claims appear to have some nonfrivolous basis in law and fact. See 42 U.S.C. §§ 7604, 9659.
 
 
 6
 St. Hilaire also has nonfrivolous arguments why he should not be required to exhaust administrative remedies, as required by the district court pursuant to 42 U.S.C. § 1997e (1994). For example, he asserts that the prison grievance system has no jurisdiction over his federal environmental claims. This argument is not frivolous because the exhaustion requirement set out in the version of section 1997e applied by the district court only pertains to claims under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a)(1) (1994).
 
 
 7
 St. Hilaire also claims that the exhaustion requirement does not apply because the prison grievance system fails to comply with applicable standards. The relevant statute provides that exhaustion "may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective." 42 U.S.C. § 1997e(a)(2) (1994).[1]
 
 
 8
 As grounds for his allegation of noncompliance, St. Hilaire contends that prisoners do not in fact have an advisory role in the grievance process, that time limits within the grievance process are not fixed, and that independent review of grievance decisions is not available. Each of these allegations represents a possible instance of noncompliance with applicable standards. See 28 C.F.R. §§ 40.2 (advisory role), 40.7(b) (same), 40.7(e) (fixed time limits), 40.7(f) (independent review).[2] Although the prison grievance system need only comply substantially with the applicable standards or be "otherwise fair and effective," 42 U.S.C. § 1997e(a)(2) (1994), St. Hilaire's allegations of noncompliance are more than de minimis.[3]
 
 
 9
 St. Hilaire also asserts that exhaustion of administrative remedies is inappropriate because he is seeking damages along with injunctive relief. The Ninth Circuit has not addressed this argument in the context of 42 U.S.C. § 1997e, although the Fifth Circuit rejected the argument in Arvie v. Stalder, 53 F.3d 702, 705-06 (5th Cir.1995). In any event, the argument is not frivolous. See Guti v. U.S. INS, 908 F.2d 495, 496 (9th Cir.1990) (absence of controlling authority indicates nonfrivolous claim).
 
 
 10
 In view of St. Hilaire's nonfrivolous claims and arguments against requiring exhaustion, it was an abuse of discretion to dismiss this action prior to service of process. On remand, the complaint should be served and the issue of exhaustion revisited, particularly in light of the new amendments to section 1997e which may be applicable to this case. See Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, sec. 803, 110 Stat. 1321 (1996).
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The standards promulgated by the Attorney General are set out at 28 C.F.R. §§ 40.1 to .10. Although St. Hilaire refers to the statutory requirements for the minimum standards, rather than to the standards themselves, the distinction is immaterial here
 
 
 [2]
 St. Hilaire also alleges that the prison grievance procedures lack safeguards against reprisals, but it is apparent that the procedures comply with the applicable standard in this regard. See 28 C.F.R. § 40.9
 
 
 [3]
 Although the district court has issued a general order determining that the prison grievance system is in substantial compliance with "minimum acceptable standards promulgated pursuant to the Civil Rights of Institutionalized Persons Act," Gen.Order 219 (D.Ariz. May 19, 1993), it is certainly arguable whether this determination is binding on litigants. Cf. Lewis v. Meyer, 815 F.2d 43, 45-46 (7th Cir.1987) (reviewing district court's compliance determination)