**RASTELLI BROTHERS, INC., Plaintiff,**

v.

**NETHERLANDS INSURANCE COMPANY T/A PEERLESS INSURANCE, Defendant.**

**No. CIV. 98–2526(JBS).**

United States District Court, D. New Jersey.

Nov. 3, 1999.

452

Angelo J. Falciani, Woodbury, NJ, Harry P. Begier, Jr., Philadelphia, PA, for Plaintiff.

Joel N. Werbal, Methfessel & Werbel, Rahway, NJ, for Defendant.

## OPINION

SIMANDLE, District Judge.

This case arises from an insurance coverage dispute upon which this Court granted summary judgment to defendant on June 28, 1999. The Court has previously denied a motion for reconsideration of this Order in an Opinion filed August 2, 1999. Presently before the Court is plaintiff's motion for relief from the final judgment of June 28, 1999, and to amend the Complaint pursuant to Rule 60(b)(6), Fed.R.Civ.P. For reasons discussed herein, the Court finds that the plaintiff fails to present good cause to reopen the final judgment of June 28, 1999, and for the following reasons this Court will deny the application to amend the Complaint.

The facts of this case are set forth fully in this Court's June 28, 1999 and August 2, 1999 Opinions. In short, a fire damaged plaintiff's warehouse, who then submitted a claim to the defendant insurer for extra expenses incurred in connection with moving to a new site. Defendant initially paid

out a portion of the amount plaintiff sought, and the parties entered into an appraisal process to determine the total loss. The contractual appraisal process was held to embrace only the issue of amount of loss, and it did not include the issue of the policy's coverage of any such loss. Later, however, defendant determined that—because plaintiff had planned to move to the new site irrespective of fire damage—the extra expenses were not covered, and that there was no need to appraise damages that were not covered, so the insurer unilaterally withdrew from the loss appraisal process.

Plaintiff filed a diversity suit with this Court, requesting an Order that the appraisal process proceed. The Court noted that plaintiff was not entitled to an outright award for the amount of loss because plaintiff did not seek damages in his Complaint, but rather sought only to enforce the appraisal clause by compelling the appraisal process to go forward, invoking section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. The Court held that the appraisal clause was not enforceable under the Federal Arbitration Act, because such an appraisal process is not regarded as an "arbitration" under the governing law of New Jersey. The Court further held that the parties had not conferred upon the appraiser the power to decide the underlying issue of coverage for the loss.

After this Court granted summary judgment for defendant, plaintiff petitioned the Court to reconsider its decision, arguing that the Court should have been bound by the parties' agreement that the appraiser had authority to determine the extent of coverage. As explained in this Court's August 2, 1999 Opinion on the matter, plaintiff's application for reconsideration was denied for the reason that (1) there was no agreement between the parties that the appraiser should determine the extent of coverage; and (2) the Court had not "overlooked" any relevant matters in coming to its decision to grant summary judgment to defendant.

■ Now before the Court is plaintiff's Motion to Amend the Complaint pursuant to Fed.R.Civ.P. 60(b)(6). Whereas the initial Complaint sought enforcement of the appraisal agreement, the proffered Amended Complaint seeks monetary damages in the amount of $243,410.20, and would thus seek to inject the issue of insurance coverage itself into this case.

In order to permit amendment of the Complaint at this postjudgment stage, the Court would have to vacate its final judgment of June 28, 1999, and reopen the case for further consideration of the merits of a new claim. For reasons explained below, plaintiff has failed to present any extraordinary reason to justify this belated amendment as required by Rule 60(b)(6).

■ Plaintiff seeks leave to amend under Rule 60(b)(6), Fed.R.Civ.P., under which it is within this Court's power to vacate or stay its previous Orders for any "reason justifying relief from the operation of the judgment." This type of relief is only sparingly granted, however, as vacating and granting relief from final judgments impairs the judicial system's compelling need for finality in litigation. Moreover, because Rule 60 specifically provides for specific relief in the event of mistake (60(b)(1)), newly discovered evidence (60(b)(2)), or fraud (60(b)(3)), Rule 60(b)(6) represents a "savings clause" with which the Court can remedy unforeseen injustices not addressed by the other subsections of Rule 60. As such, Rule 60(b)(6) is only to be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir.1993). Such compelling circumstances are not present here.

■ Plaintiff delayed in seeking this amendment, despite being aware of defendant's position regarding the limited nature of the appraiser's powers, even before suit was filed, when defendant clearly indicated that coverage was disputed and that

the appraisal process did not deal with coverage issues. Under such circumstances, plaintiff's failure to have sought leave to amend before final judgment may be regarded as a deliberate choice to not present the extraordinary circumstances required under Rule 60(b)(6) to reopen a judgment. Similar to a situation in which the non-prevailing party fails to appeal the adverse judgment and then seeks to reopen it in order to appeal, the desire to pursue other legal theories that were always available and squarely implicated in the defendant's position herein does not present any extraordinary circumstances, and in fact would turn the presumption of finality of judgments on its head. *See Polites v. United States,* 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960); *Marshall v. Board of Education of Bergenfield, New Jersey,* 575 F.2d 417 (3d Cir.1978); *Martinez–McBean v. Gov't of Virgin Islands,* 562 F.2d 908 (3d Cir.1977). Even when a more aggravated circumstance exists-clearly not present here—in which in the light of hindsight the judgment may have been legally incomplete or erroneous, Rule 60(b)(6) will not support relief from the judgment, *see Stradley v. Cortez,* 518 F.2d 488 (3d Cir.1975), nor will an "honest mistake" of a party in failing to adduce stronger evidence of its position suffice for relief from the judgment under Rule 60(b)(6). *Moolenaar v. Gov't of Virgin Islands,* 822 F.2d 1342 (3d Cir.1987).

■■■ Likewise, post-judgment amendments to pleadings will generally be denied "when the moving party had an opportunity to assert the amendment during trial; but waited until after judgment before requesting leave." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 6 *Federal Practice and Procedure* § 1489 at 696 (2d ed.1990) [and cases cited therein]. The seriatim presentation of legal theories should not be countenanced absent compelling reasons. *Id.; see e.g. Rourke v. Thompson,* 11 F.3d 47 (5th Cir. 1993). Quite obviously, the liberal standards of permitting amendments to pleadings under Rule 15(a) in the early stage of a case (under which leave to amend is freely given when justice so requires), or for enlarging the deadline for filing motions for leave to amend pleadings under Rule 16(b) (which permits enlarging the time for amendments only "upon a showing of good cause"), cannot apply in the post-judgment situation, or else a party could try out its favored legal theories or defenses and, if unsuccessful, bring on a new set of post-judgment claims or defenses. For this reason, "a judgment generally will be set aside only to accommodate some new matter that could not have been asserted during the trial, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation." Wright, et al., *supra* at 694.

Plaintiff is unable to point to any compelling reasons that the Court should vacate its final judgment in this matter. Rather than an unusual circumstance such as a change in controlling law or newly discovered evidence, plaintiff simply argues that it should be allowed to file an Amended Complaint because this Court has adjudged that plaintiff may not obtain the relief sought in the initial Complaint. This argument is unavailing. In the Complaint, plaintiff chose its issues, the parties litigated them, and the Court decided them upon the merits in favor of the defendant. This case having been discovered, briefed, argued, and decided on the merits, plaintiff cannot now bring an entirely new lawsuit in the disguise of a motion to amend, especially when no circumstance prevented plaintiff from doing so prior to judgment. Plaintiff's counsel's belated wish to change his theory of the case does not constitute an exceptional circumstance which compels this Court to grant relief under Rule 60(b)(6).

For the foregoing reasons, this Court finds that a vacation of the Court's Order of June 28, 1999 is not warranted, and thus plaintiff's motion to Amend the Complaint will be denied.

### ORDER

This matter having come before the Court upon plaintiff's motion to amend the Complaint; and the Court having considered the plaintiff's submissions; and for the reasons expressed in an Opinion of today's date;

IT IS this day of November 1999 hereby

ORDERED that plaintiff's motion for relief from the Judgment of June 28, 1999 and to amend the Complaint be, and hereby is, *DENIED*, and that this case shall remain closed.