IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10325
Conference Calendar
_____

TONY EDWARD POWELL,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director, Texas Department of Criminal
Justice, Institutional Division; R. MCLEOD, Warden;
L. MASSEY, Assistant Warden; NFN HARRELL, Major; B. FRANKLIN,
Chief of Classification; NFN WHITAKER, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-126
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tony Edward Powell, Texas prisoner # 526334,[**] appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous.  Powell does not contest the district court's decision

that his complaint as originally alleged had no arguable basis in

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**]  Powell was incarcerated in the Dalhart Unit of TDCJ at
the time he filed this lawsuit in April 1999.  During the
litigation of this action, he was transferred to federal custody
on his 1996 drug conviction.  His federal prisoner # is 61525-
080.

law because he failed to allege anything more than a mental injury. His argument is that the district court erred in failing to allow him the opportunity to file an amended complaint based on the second assault alleged in his post-judgment motion. He attaches affidavits of two other inmates who, on April 13, 1999, allegedly overheard Powell complaining to a nurse that a correctional officer had just closed his foot in the shower door and that his foot was bruised. The officer and the nurse reportedly observed no injury.

The district court did not abuse its discretion in denying Powell's motion for reconsideration filed after final judgment had been entered, to amend his complaint to add a new allegation of an additional assault. See Rourke v. Thompson, 11 F.3d 47, 51 (5th Cir. 1993)(applying abuse of discretion standard to post-judgment motion to amend complaint after dismissal); Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611-12 (5th Cir. 1993) (same). Powell's Rule 59(e) motion failed to allege a date or any other specifics of this alleged second assault. He did not submit any affidavits or other proof at that time. He does not explain why he did not seek to amend his complaint between April 13, 1999, and the date of the district court's dismissal in February 2000.

Powell also argues that the district court erred in dismissing his claim for injunctive relief as moot due to his transfer to federal custody, but he does not explain why such claim would not be moot because he is no longer incarcerated at the Dalhart Unit.

The district court did not abuse its discretion in dismissing Powell's action as frivolous and denying his post-judgment motion.  28 U.S.C. § 1915(e)(2)(B)(i); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>Rourke</u>, 11 F.3d at 51.  Powell's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5TH CIR. R. 42.2.

Powell is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We hereby inform Powell that he has now accumulated four strikes, and that he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.