IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31114
Conference Calendar

_____

BARBARA COLEMAN FENELON,

Plaintiff-Appellant,

LAW & GRACE INC.,

Appellant,

versus

CAROL BYRD; CHERYL BORNE; REBECCA BROWN, JESSIE LEPREE;
KEETON MARKS; KENNETH TAYLOR; BARRY ANDERSON;
UNIDENTIFIED PARTIES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1052-E
--------------------
October 18, 2000
Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Barbara Ann Coleman Fenelon, proceeding pro se, appeals the
district court's dismissal of her civil rights action. Fenelon
argues that the district court erred in dismissing her 42 U.S.C.
§ 1985(3) claim of a conspiracy to violate her civil rights.
Fenelon's claim is based on allegations that the defendants have

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conspired against her on the basis of racial and religious discrimination. There is no claim under § 1985(3) for religious discrimination. <u>Word of Faith World Outreach Center Church, Inc. v. Sawyer</u>, 90 F.3d 118, 124 (5th Cir. 1996). Fenelon has never alleged that the defendants discriminate against black people as a class. Fenelon alleged only that the discrimination was against her personally, for the religious views she expressed in her book.

Furthermore, § 1985(3) requires an allegation that the object of the conspiracy was to deprive the plaintiff of a right guaranteed to United States citizens under the law. <u>Word of Faith</u>, 90 F.3d at 124. Although Fenelon uses the code words "equal protection" and "equal rights", she does not identify of which specific right the defendants allegedly conspired to deprive her. There is no constitutionally protected right to have one's book sold at a Baptist bookstore, nor is there any constitutionally protected right to membership in a particular church or religious group.

The district court did not err in dismissing Fenelon's § 1985(3) conspiracy claim for failure to state a claim. Fenelon does not challenge the district court's dismissal of her other claims, and so they are considered abandoned. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

Fenelon argues that the district court abused its discretion in denying her motion to amend her complaint filed after final judgment in conjunction with her Fed. R. Civ. P. 59(e) motion to vacate the judgment. She contends that she could not have raised

her RICO and antitrust claims earlier because she was denied the opportunity to conduct discovery.

The district court did not abuse its discretion in denying Fenelon's motions to vacate and amend after final judgment had been entered, to amend her complaint to add new claims.  See Rourke v. Thompson, 11 F.3d 47, 51 (5th Cir. 1993).  As the district court correctly determined, the alleged new evidence did not add anything to her claims as already pleaded and did not form the basis of any newly discovered claims that could not have been pleaded earlier.

Fenelon's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The appeal of Law & Grace, Inc., Fenelon's business, is DISMISSED because it is not represented by counsel.  See In re K.M.A., Inc., 652 F.2d 398 (5th Cir. 1981).