IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10920
Summary Calendar
_____

AMADO GARZA, III,

Plaintiff-Appellant,

versus

S. WAUSON, Correctional Officer 3,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-206
--------------------
January 7, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Amado Garza, III, Texas prisoner # 752026, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous for failure to exhaust administrative remedies. Garza argues that he has exhausted administrative remedies, as evidenced by his Step 1 grievance form which he appended to his complaint. He also complains that the district court erred in dismissing the complaint as frivolous and with prejudice.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review <u>de novo</u> the dismissal of an inmate's civil rights suit for failure to exhaust administrative remedies. <u>Richardson v. Spurlock</u>, 260 F.3d 495, 499 (5th Cir. 2001). The district court did not err in its determination that Garza failed to exhaust administrative remedies; Garza's Step 1 grievance indicated that his excessive force allegation was to receive further administrative review by the Central Grievance Office, and the record contains no response from that office. <u>See, e.g.</u>, <u>Crain v. Prasifka</u>, __S.W.3d__, No. 13-01-00790-CV, 2002 WL 1590491, *2 (Tex. App. 2002).

Furthermore, the district court did not err when it dismissed the suit as frivolous and with prejudice. <u>See</u> <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir. 1993) (unexhausted in forma pauperis complaint may be dismissed as frivolous where the failure to exhaust is such a clear deficiency that it would render frivolous an attempt to prosecute the suit); <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998) (unexhausted in forma pauperis complaint may be dismissed with prejudice).

AFFIRMED.