United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-11052
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

BENNY LAVERN COLLINS,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-353
-------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Benny Lavern Collins, Texas prisoner # 1171866, has filed a motion for certificate of

appealability (COA) seeking to appeal the dismissal of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence following his federal convictions of a Hobbs Act robbery and of using

a firearm while committing that robbery. To the extent that Collin's 28 U.S.C. § 2255 motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenged errors that occurred at his sentencing his motion was properly brought under 28 U.S.C. § 2255. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997). Collins argues that there is a question as to whether, in sentencing him, the district court had jurisdiction to impose his federal sentence to run consecutively to his California sentence given that, at the time he was sentenced by the district court, Texas had lodged a detainer against him. Collins has failed to show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, COA is DENIED.

To the extent that Collins asserted a claim regarding the execution of his federal sentence, that claim should have been brought as one under 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Because at the time that Collins filed his June 2004 28 U.S.C. § 2255 motion he was incarcerated in the Northern District of Texas, we construe Collins's motion, to the extent that it challenges the execution of his sentence, as one under 28 U.S.C. § 2241. See United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); see also United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). A prisoner proceeding under 28 U.S.C. § 2241 is not required to obtain a COA to proceed on appeal. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Collins argues that, because his federal judgment stated that his federal sentence was to run consecutively to his California sentence, he is illegally or unconstitutionally currently incarcerated by the State of Texas. Collins's claim regarding the execution of his sentence fails because whether he is incarcerated first for the Texas convictions or for his federal convictions is a matter of comity between the state and federal governments "and not a personal right of the prisoner." Cf. Floyd v. Henderson, 456 F.2d 1117, 1119 (5th Cir. 1972). Consequently, we AFFIRM the dismissal of

Collin's 28 U.S.C. § 2255 motion to the extent that it challenged the execution of his sentence.  See

United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995).