United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51263
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANGEL MURILLO-PAYAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:01-CR-319-2-AML
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Luis Angel Murillo-Payan, federal prisoner # 18272-180, appeals the district court's denial of his request for mandamus relief. Specifically, Murillo-Payan argues that by failing to designate the State Prison System in Oklahoma as the place of confinement for service of his federal sentence, the Bureau of Prisons (BOP) has essentially rendered his federal and state sentences consecutive rather than concurrent, in violation of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea agreement, the district court's judgment, and the Fifth Amendment.

Murillo-Payan has failed to establish a clear and indisputable right to mandamus relief. The extraordinary remedy of mandamus is not available to review the discretionary acts of officials. Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992). Although the Attorney General, through the BOP, has discretion to designate a state facility as the place in which a federal prisoner serves his sentence, the prisoner has no constitutional right to placement in a particular facility. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973). Although the district court may recommend the place of imprisonment, the district court's recommendation is not binding on the BOP. See 18 U.S.C. § 3621(b)(4); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Moreover, contrary to Murillo-Payan's contention, the plea agreement contained no promise that his federal sentence would be ordered to run concurrently with his previously imposed state sentence.

Finally, Murillo-Payan may seek administrative relief from the BOP and, if denied, pursue habeas corpus relief pursuant to 28 U.S.C. § 2241. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). Therefore, Murillo-Payan has a remedy available to him and the district court did not err by denying his request for

mandamus relief.  <u>See</u> <u>In re Willy</u>, 831 F.2d 545, 549 (5th Cir. 1987), <u>aff'd</u>, 503 U.S. 131 (1992).

Accordingly, the district court's judgment is AFFIRMED.