**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-11117
Summary Calendar

LUISA FIGUEROA,

Petitioner - Appellant

v.

W ELAINE CHAPMAN, Warden,

Respondent - Appellee

Appeal from the United States District Court for the
Northern District of Texas at Fort Worth
USDC No. 4:08-CV-541

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luisa Figueroa is serving a life sentence, without the possibility of parole, at the Federal Medical Center in Carswell, Texas. After learning she needs a liver transplant, Figueroa filed a petition for compassionate release. *See* 28 U.S.C. § 2241. The district court denied Figueroa's petition. We AFFIRM.

During the week of August 25, 2008, Figueroa's physician informed her that she was in need of a liver transplant and had only two months to live. On

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

September 10, 2008, Figueroa filed a Section 2241 petition contending she has a compatible donor ready and willing to undergo the transplant, but the Bureau of Prisons (BOP) does not allow such procedures for inmates.

Before filing a Section 2241 petition, Figueroa was required to exhaust her administrative remedies. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The BOP has a formal grievance procedure for federal inmates, like Figueroa, to seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Both in her petition and here on appeal, Figueroa claimed the short notice regarding her medical condition made it "impossible to utilize the Federal Bureau of Prison's grievance procedure."

Figueroa's argument that she should not be required to pursue administrative remedies assumes that the remedies would have been futile and the delay fatal. There is nothing in the record suggesting that the BOP would not have properly evaluated her request and given due consideration to a properly supported plea. The district court did not err by requiring exhaustion.

Additionally, the district court found it could not grant her relief pursuant to Section 2241 because her application was "not in reference to the imposed sentence - but for medical needs." We agree. A Section 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Figueroa does not allege that such violation is present. She instead alleges that this application is for compassionate release due to her medical needs. A compassionate release request is not a matter of illegal or unconstitutional restraint.

We AFFIRM the district court's denial of Figueroa's application.