**Jacqueline O. RICHARDSON,**
**Petitioner–Appellant**

v.

**Warden Joe KEFFER, Respondent–**
**Appellee.**

**No. 11–10790**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 1, 2012.

Jacqueline O. Richardson, Fort Worth, TX, pro se.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Respondent–Appellee.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

Jacqueline O. Richardson, federal prisoner # 28511–180, appeals the dismissal of her 28 U.S.C. § 2241 petition challenging her convictions and sentences for conspiracy, health care fraud, making false statements in relation to health care matters, conspiring to commit money laundering, and money laundering. The district court determined that Richardson failed to show

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that her claims satisfied the "savings clause" of 28 U.S.C. § 2255(e). We AFFIRM.

Under Section 2241, we review factual findings for clear error and conclusions of law *de novo*. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir.2003). A Section 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of Section 2255 if "the petitioner establishes the remedy provided under § 2255 is inadequate or ineffective" to test the legality of her detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000). The savings clause applies only to a claim that (1) arises from a retroactively applicable decision issued by the Supreme Court; (2) was foreclosed by circuit law at the time the claim could have been raised during the trial, on appeal, or in a § 2255 motion; and that (3) establishes that the prisoner was possibly convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir.2010). The prisoner bears the burden of showing that her claims satisfy the savings clause. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

Richardson asserts on appeal that her fraud convictions arising under 18 U.S.C. § 1347 are invalid in light of the Supreme Court's holding in *Skilling v. United States*, —— U.S. ——, ——, 130 S.Ct. 2896, 2907, 177 L.Ed.2d 619 (2010), that the honest services fraud statute, 18 U.S.C. § 1346, criminalizes only conduct involving bribery and kickback schemes. She maintains that because Section 1346 forms part of the definition of fraud, her convictions must be held invalid because it is possible that the jury convicted her on this basis despite the fact that her offenses did not involve bribery and kickbacks. Because Richardson has not shown that *Skilling* establishes that her fraud convictions are based on conduct now considered to be noncriminal, she has not satisfied Section 2255(e). *See Skilling*, 130 S.Ct. at 2929–34; *Garland*, 615 F.3d at 394. Likewise, Richardson's allegations in her appellate brief that she attempted in good faith to comply with health care reimbursement rules, that the Government failed to review her business files and falsely alleged fraud, that requested witnesses were not called to testify, that the Government failed to offer her an alternative remedy to prosecution, and that her attorneys rendered ineffective assistance do not satisfy the savings clause; she has not shown that they rely on new Supreme Court law that was unavailable at the time of her appeal or her Section 2255 proceedings. *See Garland*, 615 F.3d at 394.

Richardson also contends on appeal that her money laundering convictions are invalid in light of *United States v. Santos*, 553 U.S. 507, 511–14, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), because the Government did not prove that the "proceeds" forming the basis of her offenses constituted "profits" of the underlying fraud rather than the "gross receipts." She did not allege that *Santos* called into question the validity of her convictions until she submitted her notice of appeal. If we construe Richardson's postjudgment pleading as a motion for relief from the final judgment, we apply Rule 15 of the Federal Rules of Civil Procedure to determine whether the district court abused its discretion in denying the implicit motion to amend her Section 2241 petition. *See Rourke v. Thompson*, 11 F.3d 47, 51 (5th Cir.1993). Although Rule 15 requires leave to be freely given, "leave to amend . . . is by no means automatic." *Id.* (internal quotation marks and citation omitted). The district court did not abuse its discretion in implicitly rejecting Richardson's "attempt[ ] to present theories of recovery seriatim." *Id.* (internal quotation marks

and citation omitted). The judgment of the district court is thus AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5th Cir. R. 47.5.4.